# Matter of Arinda GARZA-OLIVARES, Respondent

*Decided May 5, 2016*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In assessing whether an offense qualifies as an aggravated felony under section 101(a)(43)(T) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(T) (2012), the categorical approach applies to decide if the offense relates to an alien's failure to appear before a court, but the circumstance-specific approach applies to determine if the failure to appear was (1) pursuant to a court order (2) to answer to or dispose of a charge of a felony (3) for which a sentence of 2 years' imprisonment or more may be imposed.

FOR RESPONDENT: Diana Rashid, Esquire, Chicago, Illinois

FOR THE DEPARTMENT OF HOMELAND SECURITY: Daniel Rah, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY and WENDTLAND, Board Members; O'HERRON, Temporary Board Member.

PAULEY, Board Member:

In a decision dated November 19, 2014, an Immigration Judge granted the respondent's motion to terminate the removal proceedings against her. The Department of Homeland Security ("DHS") has appealed from that decision. The respondent opposes the appeal. The DHS's appeal will be sustained, the proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico. The record reflects that she entered the United States without inspection in 1976 and adjusted her status to that of a lawful permanent resident on September 19, 1991. The respondent was convicted on August 5, 2014, of failing to appear in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(ii) (2012).

Based on the respondent's conviction, the DHS initiated proceedings, charging that she is removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony under section 101(a)(43)(T) of the Act, 8 U.S.C. § 1101(a)(43)(T) (2012). The respondent admitted the

factual allegation that she was convicted under 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(ii), but she denied the charge of removability. The Immigration Judge determined that the respondent's offense is not an aggravated felony and terminated the removal proceedings.

## II. ISSUE

The issue on appeal is whether the respondent's failure to appear before a court in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(ii) is an "aggravated felony" under section 101(a)(43)(T) of the Act. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2016).

## III. STATUTORY PROVISIONS

Section 101(a)(43)(T) of the Act includes within the definition of an aggravated felony

> an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed . . . .

In pertinent part, 18 U.S.C. § 3146 defines the offense of failure to appear as follows:

> (a) OFFENSE.—Whoever, having been released under this chapter knowingly—
>   (1) *fails to appear before a court as required by the conditions of release*; or
>   (2) fails to surrender for service of sentence pursuant to a court order;
> shall be punished as provided in subsection (b) of this section.
>   (b) PUNISHMENT.—(1) *The punishment for an offense under this section is—*
>     (A) *if the person was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiorari after conviction for—*
>       (i) an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, a fine under this title or imprisonment for not more than ten years, or both;
>       (ii) *an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both*;
>       (iii) any other felony, a fine under this title or imprisonment for not more than two years, or both; or
>       (iv) a misdemeanor, a fine under this title or imprisonment for not more than one year, or both; and
>     (B) if the person was released for appearance as a material witness, a fine under this chapter or imprisonment for not more than one year, or both.

(Emphasis added.)

## IV. ANALYSIS

In holding that the respondent is not removable, the Immigration Judge concluded that 18 U.S.C. § 3146(a)(1) is not a categorical match to section 101(a)(43)(T) of the Act. She applied a strict categorical approach to determine that the elements of § 3146(a)(1) are broader than section 101(a)(43)(T) because she concluded that some components of the generic statute are missing, specifically, the requirements that the respondent's failure to appear be "pursuant to a court order" and "to dispose of a charge." In support of her conclusion, the Immigration Judge relied on *Renteria-Morales v. Mukasey*, 551 F.3d 1076 (9th Cir. 2008), the only reported decision on this issue, in which the United States Court of Appeals for the Ninth Circuit applied the categorical approach to all of the components of section 101(a)(43)(T).

The DHS argues that the Immigration Judge erred in applying the categorical approach because the limiting language of section 101(a)(43)(T) refers to the particular circumstances relating to an offender's commission of a generic "failure to appear" crime on a particular occasion, rather than to the elements of such an offense. The DHS relies on *Nijhawan v. Holder*, 557 U.S. 29 (2009), in reasoning that a "circumstance-specific" approach is the appropriate analysis regarding section 101(a)(43)(T). Having surveyed the "bail jumping" or "failure to appear" laws of 50 States, the DHS determined that only 3 statutes would define a categorical aggravated felony under a strict categorical approach. Thus, it asserts that Congress would not have "intended [section 101(a)(43)(T)] to apply in so limited and so haphazard a manner." *Id.* at 40.

In response, the respondent argues that the Immigration Judge correctly determined that her "failure to appear" offense is not categorically an aggravated felony under section 101(a)(43)(T) of the Act and that there is no authority to support the application of the circumstance-specific approach. For the following reasons, although we conclude that the categorical approach applies to some aspects of section 101(a)(43)(T), we agree with the DHS that the circumstance-specific approach applies to several others.

It is well established that the applicability of the categorical approach depends on the language of the particular immigration provision at issue. Where the Act provides for the removal of an individual convicted of a "generic crime," it is undisputed that the DHS must establish that the elements of the individual's offense categorically correspond to the elements of the pertinent generic crime. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684, 1691 (2013); *Taylor v. United States*, 495 U.S. 575, 601−02 (1990). However, both we and the courts have also recognized that

the categorical approach is inapplicable in removal proceedings when the immigration provision calls for an examination of the "particular circumstances in which an offender committed the crime on a particular occasion." *Nijhawan v. Holder*, 557 U.S. at 38; *see also Matter of Dominguez-Rodriguez*, 26 I&N Dec. 408, 410−12 (BIA 2014) (collecting cases); *Matter of Davey*, 26 I&N Dec. 37, 39 (BIA 2012); *Matter of Babaisakov*, 24 I&N Dec. 306, 317−18 (BIA 2007). In such cases, it is appropriate to apply a circumstance-specific approach.[1] We must therefore determine whether section 101(a)(43)(T) of the Act should be analyzed pursuant to the categorical approach or the circumstance-specific approach. In resolving this question, we look to the natural meaning of the statutory language. *Matter of Dominguez-Rodriguez*, 26 I&N Dec. at 410−12.

To qualify as an aggravated felony under section 101(a)(43)(T) of the Act, an offense must "relate" to a generic "failure to appear" crime that encompasses five discrete components. *See Familia Rosario v. Holder*, 655 F.3d 739, 747 (7th Cir. 2011) (stating that the phrase "'relating to' is intended to have a broadening effect" (quoting *Desai v. Mukasey*, 520 F.3d 762, 764 (7th Cir. 2008))); *Matter of Beltran*, 20 I&N Dec. 521, 526 (BIA 1992). The offense must involve (1) a failure to appear (2) before a court, (3) pursuant to a court order, (4) to answer to or dispose of a charge of a felony, (5) where the felony was one for which a sentence of 2 years' imprisonment or more may be imposed. *See Renteria-Morales v. Mukasey*, 551 F.3d at 1083.

We conclude that the initial components of section 101(a)(43)(T), referencing a "failure to appear" that occurs "before a court," require a categorical inquiry because—like the "fraud or deceit" component of section 101(a)(43)(M)(i) addressed in *Nijhawan*—they refer to common elements of a generic "failure to appear" crime. Therefore, it is appropriate that proof of these facts be demonstrated by reference to the statutory elements of a criminal offense, rather than by means of evidence beyond the record of conviction.

However, the three remaining components, regarding whether the failure to appear in court was (1) pursuant to a court order (2) to answer to or dispose of a felony charge (3) for which a sentence of 2 years' imprisonment or more may be imposed, do not refer to formal elements of generic "failure to appear" crimes. Instead, they are limiting components

---

[1] In *Nijhawan*, the Supreme Court reviewed the fraud and deceit provisions of the aggravated felony definition at section 101(a)(43)(M)(i) of the Act but also noted other subparagraphs of the statute to which the circumstance-specific approach would apply. 557 U.S. at 37−38. However, it expressed no view on whether section 101(a)(43)(T) was subject to a categorical or circumstance-specific inquiry.

that refer to specific "aggravating" offense characteristics.  That is, they involve the defiance of a court order (as opposed to a police summons) regarding a felony charge that is serious enough to be punishable by at least 2 years of imprisonment (rather than a misdemeanor).  *See Nijhawan v. Holder*, 557 U.S. at 38−39.  The inclusion of these narrowing factors serves to underscore the seriousness of the crime that Congress sought to address and demonstrates its effort to ensure that only such offenses will qualify as "aggravated" felonies.

As the DHS points out, to apply a categorical approach to those components would drastically circumscribe the reach of section 101(a)(43)(T) because very few States have "failure to appear" laws that would categorically match its limiting requirements.[2]  In addition, we observe that § 3146, the only Federal "failure to appear" statute, is not a categorical match to all the components of section 101(a)(43)(T) of the Act.  We do not believe that Congress intended section 101(a)(43)(T) to have such a narrow reach.  *See Nijhawan v. Holder*, 557 U.S. at 39−40 (finding that if the categorical approach applied to the requirement of section 101(a)(43)(M)(i) that the offense caused a loss of $10,000 or more, only eight States would have qualifying statutes); *cf. United States v. Hayes*, 555 U.S. 415, 427 (2009) (finding it unlikely that Congress intended to make the existence of a domestic relationship a required element of a "misdemeanor crime of domestic violence" because only a few statutes included such an element).  We therefore conclude that the circumstance-specific approach is the appropriate inquiry for assessing the limiting components of section 101(a)(43)(T), that is, for determining whether the respondent's failure to appear before a court was (1) pursuant to a court order (2) to answer to or dispose of a felony charge (3) for which a sentence of 2 years' imprisonment or more may be imposed.

The respondent disagrees, arguing that we should follow the Ninth Circuit's holding in *Renteria-Morales v. Mukasey*, 551 F.3d 1076.  However, the Ninth Circuit's opinion in that case predated *Nijhawan* and *Hayes*, as well as our decisions in *Matter of Dominguez-Rodriguez* and *Matter of Davey*, and the applicability of the circumstance-specific approach was not specifically decided by the court.

Significantly, the facts in that case are also distinguishable.  The Ninth Circuit held that a failure to appear in violation of § 3146 did not categorically qualify as an aggravated felony under section 101(a)(43)(T)

---

[2]  We conducted our own independent review of the States' "failure to appear" statutes and agree with the DHS that the instances in which there could be a categorical match to the requirements of section 101(a)(43)(T) are very limited.  However, we do not necessarily subscribe to the entirety of the DHS's survey findings.

because a defendant could have failed to appear in connection with a misdemeanor pursuant to § 3146(b)(1)(A)(iv) or as a material witness under § 3146(b)(1)(B), rather than to answer to a felony charge. However, the judgment of conviction in that case only showed that the alien was convicted of violating § 3146, without providing any further specificity regarding the particular provisions of that section that the alien was convicted of violating. The respondent, on the other hand, has admitted that she was convicted under 18 U.S.C. § 3146(a)(1) and that her punishment was pursuant to § 3146(b)(1)(A)(ii), which would eliminate the possibility that she failed to appear in connection with a misdemeanor or as a material witness.[3] *Cf. Renteria-Morales v. Mukasey*, 551 F.3d at 1084−85. For these reasons, we are unpersuaded that the Ninth Circuit's ruling in *Renteria-Morales* should be applied in the respondent's case.

In applying the framework that we have set forth, we agree with the Immigration Judge that the elements of "failure to appear" and "before a court" in § 3146(a)(1) correspond to the generic failure to appear crime in section 101(a)(43)(T) of the Act. Although we hold that the circumstance-specific approach should generally be applied to the three qualifying components of section 101(a)(43)(T), in this case, as a matter of law, we can resolve the question whether the respondent's failure to appear in violation of § 3146(a)(1) was "pursuant to a court order."

According to § 3146(a)(1), "Whoever, having been released *under this chapter* knowingly . . . fails to appear before a court *as required by the conditions of release*" is punishable. (Emphasis added.) This statute is contained in chapter 207 of title 18, which relates to the release and detention of defendants pending Federal judicial proceedings. Since the provisions in chapter 207 do not permit the release, on recognizance or otherwise, of a defendant in a Federal criminal case other than by court order, any failure to appear "as required by the conditions of release" would necessarily be "pursuant to a court order." *See* 18 U.S.C. §§ 3141, 3142 (2012) (providing for the release and detention authority of Federal judicial officers). *See generally United States v. Lechuga*, 975 F.2d 397, 400 (7th Cir. 1992) (stating that to establish a violation under § 3146(a)(1), the Government must prove that the defendant was released on bail and willfully failed, as required, to appear in court). In this regard, we agree with the dissenting opinion in *Renteria-Morales v. Mukasey*, 551 F.3d at 1090−91 (Tallman, J., dissenting) (stating that the petitioner's release was necessarily pursuant to a Federal judge's exercise of authority under § 3142

---

[3] The respondent admitted the factual allegation in the notice to appear that she was convicted under §§ 3146(a)(1) and (b)(1)(A)(ii), which counsel has also acknowledged in her brief on appeal.

to "order" her release). Consequently, we conclude that the respondent's failure to appear in violation of § 3146(a)(1) was "pursuant to a court order."

We could likely resolve the question of the remaining two components under the circumstance-specific approach based on official court documents in the record. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (permitting the Board to take administrative notice of the "contents of official documents"). However, because we find that a remand is appropriate to assess whether the respondent is eligible for any relief from removal, we will also remand the record for the Immigration Judge to apply the circumstance-specific approach to those components in the first instance. On remand, therefore, the Immigration Judge should consider whether the respondent's failure to appear in court in violation of §§ 3146(a)(1) and (b)(1)(A)(ii) was to answer to or dispose of a felony charge for which a sentence of 2 years' imprisonment or more may be imposed. The DHS has submitted the respondent's plea agreement, charging document, judgment, and sentencing memorandum, all of which the Immigration Judge should consider, to the extent that they are found to be reliable.[4]

Accordingly, the DHS's appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings consistent with this decision.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER**: The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4] We note that in applying the circumstance-specific approach, evidence beyond that which would be admissible under the categorical approach may be considered. *See Nijhawan v. Holder*, 557 U.S. at 41−43. This may include the documents in a record of conviction that can be considered under the modified categorical approach, as well as any other evidence that is otherwise admissible in removal proceedings, including witness testimony and "the testimonial admissions of the respondent made during the removal hearing." *Matter of Babaisakov*, 24 I&N Dec. at 320−21. As we noted in *Babaisakov*, however, such evidence may be considered only if it is "reliable." *Id.*