# Matter of Bandele Adekunle ADENIYE, Respondent

*Decided as amended May 2, 2016[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An "offense relating to a failure to appear by a defendant for service of sentence" is an aggravated felony under section 101(a)(43)(Q) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(Q) (2012), if the underlying offense was "punishable by" imprisonment for a term of 5 years or more, regardless of the penalty actually ordered or imposed.

FOR RESPONDENT: Julio E. Moreno, Esquire, Atlanta, Georgia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Blake Doughty, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY and GREER, Board Members; GELLER, Temporary Board Member.

PAULEY, Board Member:

In a decision dated September 1, 2015, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony under section 101(a)(43)(Q) of the Act, 8 U.S.C. § 1101(a)(43)(Q) (2012), and ordered him removed from the United States. The respondent has appealed from that decision. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Nigeria who was admitted to the United States as a nonimmigrant visitor on July 20, 1989. He adjusted his status on July 26, 1993, but his lawful permanent resident status was rescinded in 1996. On June 30, 1995, the respondent was convicted of possessing stolen mailbox keys in violation of 18 U.S.C. § 1704 (1994),

---

[1] On our own motion, we amend the March 17, 2016, order in this case to correct the erroneous reference on page 728 regarding the jurisdiction in which this matter arises. Additional case citations have also been included in the amended paragraph.

which is a Federal felony punishable by a maximum term of imprisonment of 10 years.  As a result of that conviction, the respondent was sentenced to a 24-month term of imprisonment, but he absconded before being taken into Federal custody.  The respondent was later apprehended, and on December 17, 2014, he was convicted of escape in violation of 18 U.S.C. § 751(a) (2012) and of failing to surrender for service of sentence in violation of 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(ii) (2012).

The Immigration Judge determined that the respondent's 2014 conviction for failing to appear for service of sentence is for an aggravated felony under section 101(a)(43)(Q) of the Act because it is "an offense relating to a failure to appear by a defendant for service of sentence if the underlying offense is punishable by imprisonment for a term of 5 years or more."  Accordingly, the Immigration Judge found that the respondent is removable and ineligible for all requested relief.

## II.  ANALYSIS

Although the respondent concedes that his offense of conviction is one "relating to a failure to appear . . .  for service of sentence," he argues that it is not an aggravated felony under section 101(a)(43)(Q) of the Act because the "underlying offense"—possession of stolen mailbox keys—was not "punishable by imprisonment for a term of 5 years or more."  Specifically, although the respondent does not dispute that 18 U.S.C. § 1704 prescribes a statutory maximum penalty of imprisonment for 10 years, he maintains that the term of imprisonment by which his underlying offense was "punishable" should be determined by looking to the 24-month sentence he was actually ordered to serve, and not to the offense's statutory maximum penalty of 10 years.

In this regard, the respondent observes that the aggravated felony definition at section 101(a)(43)(Q) of the Act is the only one that focuses on the term of imprisonment by which an offense is "punishable," noting that two other subparagraphs of the definition refer to the sentence that "may be imposed" for an offense, namely, section 101(a)(43)(J) (covering certain racketeering and gambling offenses "for which a sentence of one year imprisonment or more may be imposed") and section 101(a)(43)(T) (covering certain "failure to appear" offenses where the underlying offense was one "for which a sentence of 2 years' imprisonment or more may be imposed").  According to the respondent, the disparate use of the terms "may be imposed" and "punishable by" indicates that Congress must have intended these terms to have different meanings.

It is unclear why Congress chose to use the term "punishable by" in section 101(a)(43)(Q) of the Act, rather than the "may be imposed"

formulation it employed in sections 101(a)(43)(J) and (T). The legislative history of the aggravated felony definition sheds no light on the question.[2] Nevertheless, we are not persuaded to adopt the respondent's construction of the language in section 101(a)(43)(Q).

The fundamental problem with the respondent's argument is that it runs counter to the plain "meaning of the term 'punishable,' which refers to any punishment *capable* of being imposed." *Schrader v. Holder*, 704 F.3d 980, 986 (D.C. Cir. 2013) (emphasis added). In analogous contexts, the courts have held that Congress' use of the term "punishable by" denotes a focus on the maximum penalty that *may be imposed* for the offense of conviction, rather than on the penalty that was (or could have been) imposed upon any particular defendant. *See United States v. Denson*, 588 F.2d 1112, 1116−17, 1120−22 (5th Cir. 1979); *see also, e.g.*, *United States v. Gallaher*, 624 F.3d 934, 940 (9th Cir. 2010); *United States v. Guzman-Tlaseca*, 546 F.3d 571, 579 (8th Cir. 2008); *United States v. Murillo*, 422 F.3d 1152, 1153−54 (9th Cir. 2005).

The respondent's reading is also inconsistent with the Supreme Court's line of decisions culminating in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), which have held that the term "drug trafficking crime"—defined by 18 U.S.C. § 924(c)(2) (2012) to mean "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)"—refers to offenses "for which the 'maximum term of imprisonment authorized' [under the Controlled Substances Act] is 'more than one year.'" *Id.* at 1683 (quoting 18 U.S.C. § 3559(a)(5) (2012)); *see also Carachuri-Rosendo v. Holder*, 560 U.S. 563, 567 (2010). As the *Moncrieffe* Court further explained, "The upshot is that a noncitizen's conviction of an offense that the Controlled Substances Act (CSA) makes punishable by more than one year's imprisonment will be counted as an 'aggravated felony' for immigration

---

[2]    The language now codified in section 101(a)(43)(Q) of the Act was initially enacted as subparagraph (P) by section 222(a) of the Immigration and Nationality Technical Corrections Act ("INTCA") of 1994, Pub. L. No. 103-416, 108 Stat. 4305, 4320, 4322. It was subsequently redesignated as subparagraph (Q), and the original 15-year term of imprisonment required by the statute was amended to require the current 5-year term. Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, §§ 440(e)(5), (6), 110 Stat. 1214, 1277−78. However, it has always included the "punishable by" language. Section 222(a) also added section 101(a)(43)(J) of the Act, which has continuously used the words "may be imposed" rather than "punishable by." INTCA § 222(a), 108 Stat. at 4321. Section 101(a)(43)(T) of the Act, which was added by section 440(e)(8) of the AEDPA, 110 Stat. at 1278, has always employed the "may be imposed" formulation as well. Our research has revealed no evidence to suggest that the proponents of these various provisions attributed any particular significance to their discrepant use of "punishable by" and "may be imposed."

purposes," thus signifying that the Court understands the term "punishable by" to refer to the maximum possible sentence that may be imposed upon conviction, not to the sentence actually ordered or imposed.[3] *Moncrieffe v. Holder*, 133 S. Ct. at 1683. We agree and see no reason to depart from that commonsense understanding here.

We realize that Congress' use of different terms within related statutes generally implies that different meanings are intended. *See, e.g.*, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004). Thus, while the ordinary meaning of undefined statutory terms is strongly preferred, there may be occasions when similar or related terms must be given different meanings, even at the cost of interpreting one of those terms in an uncommon way. For instance, in *Johnson v. United States*, 529 U.S. 694 (2000), a case involving the revocation of a criminal defendant's supervised release, the Supreme Court recognized Congress' "unconventional usage" of the statutory term "revoke," explaining that the "uncommon sense" of a term may be relied on "when the ordinary meaning fails to fit the text and when the realization of clear congressional policy . . . is in tension with the result that customary interpretive rules would deliver." *Id.* at 704−09 & n.9. This principle does not aid the respondent here, however, because there is no indication that the ordinary meaning of the term "punishable by" does not make contextual sense or that using the ordinary meaning of the term would in any way frustrate congressional intent.

Moreover, the respondent's argument that different phrases must be construed to have different meanings does not necessarily support his claim that the meaning to be ascribed to the term "punishable by" in his case should be the sentence actually imposed. Several subparagraphs of the aggravated felony definition do focus on the sentence that was ordered in a

---

[3] *Carachuri-Rosendo* is not to the contrary. The Court held there that an alien's second misdemeanor conviction for drug possession under State law did not correspond to "recidivist possession"—a "felony punishable" by imprisonment for more than 1 year under the Controlled Substances Act, 21 U.S.C. § 844(a)—where no recidivist enhancement was actually ordered in State court. *Carachuri-Rosendo v. Holder*, 560 U.S. at 576−82; *see also United States v. Brooks*, 751 F.3d 1204, 1209−13 (10th Cir. 2014) (applying the reasoning of *Carachuri-Rosendo* in holding that a State must have sought an upward sentencing departure under its sentencing guidelines scheme in order to find that a defendant was convicted in that State of an "offense punishable by . . . imprisonment for a term exceeding one year" (quoting U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (U.S. Sentencing Comm'n 2007))). Unlike in *Carachuri-Rosendo*, the respondent's offense of conviction was punishable by a term of imprisonment of more than 5 years *based solely on its elements*. *Carachuri-Rosendo v. Holder*, 560 U.S. at 582 (stating that a defendant must "have been *actually convicted* of a crime that is itself punishable as a felony under federal law").

particular respondent's case. *See* sections 101(a)(43)(F), (G), (R), (S) of the Act (defining as aggravated felonies certain offenses "for which the term of imprisonment is at least one year"). According to the respondent's own theory, if Congress had intended section 101(a)(43)(Q) to focus on the sentence actually imposed, it would most naturally have used the formulation in those subparagraphs, but it chose not to. Under the circumstances, we find that the respondent's argument cuts both ways and is therefore unpersuasive.

We find no sufficient reason to warrant our deviation from the ordinary meaning of the term "punishable by" in the context of section 101(a)(43)(Q) of the Act. Since the maximum penalty for a violation of 18 U.S.C. § 1704 is imprisonment for 10 years, the respondent's offense is "punishable by imprisonment for a term of 5 years or more," regardless of the fact that the sentence actually imposed was for 24 months. We therefore conclude that he was convicted of an aggravated felony under section 101(a)(43)(Q).

## III. CONCLUSION

Possession of stolen mailbox keys in violation of 18 U.S.C. § 1704 is an offense "punishable by imprisonment for a term of 5 years or more" under section 101(a)(43)(Q) of the Act. Thus, the respondent's conviction under 18 U.S.C. § 3146 for failing to appear to serve his sentence for that offense is for an aggravated felony that renders him removable under section 237(a)(2)(A)(iii) of the Act. No other issues are presented on appeal. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.