[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————————

No. 16-15371
Non-Argument Calendar

————————————————————

Agency No. A070-853-985

BANDELE ADEKUNLE ADENIYE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————————

(December 12, 2017)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Bandele Adeniye, a native and citizen of Nigeria, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen his

removal proceedings, Immigration and Nationality Act ("INA") § 240(c)(7), 8

U.S.C. § 1229a(c)(7), 8 C.F.R. § 1003.2(c).  After review, we deny the petition.

## I.  BACKGROUND

**A.    Admission to the United States and Convictions in 1995 and 2014**

In 1989, Adeniye was admitted to the United States on a visitor's visa, and

in 1993 his status was adjusted to lawful permanent resident ("LPR").

On June 30, 1995, Adeniye was convicted of possession of stolen mailbox

keys, in violation of 18 U.S.C. § 1704.  Adeniye received a 24-month sentence, but

absconded before being taken into custody.

On March 13, 1996, the former Immigration and Naturalization Service

("INS") issued a show cause order alleging that Adeniye's LPR status was

rescinded on that date and that as a result Adeniye was deportable.[1]  The INS later

filed a motion to terminate the rescission proceedings, which was granted by an

Immigration Judge ("IJ") on August 11, 1998.

Adeniye was later apprehended and, in December 2014, he was convicted of

escape, in violation of 18 U.S.C. § 751(a), and of failing to surrender for service of

sentence, in violation of 18 U.S.C. § 3146(a)(2) and (b)(1)(A)(ii).  Adeniye was

sentenced to 13 months' imprisonment for these new offenses.

---

[1]Rescission proceedings are proceedings during which the government (now the Department of Homeland Security) seeks to rescind the status of a lawful permanent resident. See INA § 246(a), 8 U.S.C. § 1256(a).

**B.     Removal Proceedings and § 212(c) Waiver Application**

In 2015, the Department of Homeland Security ("DHS") began removal proceedings against Adeniye by issuing a notice to appear ("NTA").  In an amended NTA, the DHS charged Adeniye as removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an "aggravated felony" as defined un INA § 101(a)(43)(Q), 8 U.S.C. § 1101(a)(43)(Q), that is, an offense relating to a failure to surrender for service of sentence where the underlying offense "is punishable by imprisonment for a term of 5 years or more."

At the first master calendar hearing on August 4, 2015, Adeniye elected to proceed pro se and admitted his convictions in 1995 and 2014, but argued that his 2014 failure-to-surrender conviction was not an "aggravated felony."  Adeniye also advised the IJ that he had been in earlier immigration proceedings that were terminated in 1998.

At subsequent hearings, Adeniye pointed out that he had received only a 24-month sentence for his underlying 18 U.S.C. § 1704 offense of possession of stolen mailbox keys, and contended that it was not an offense "punishable by" five or more years, as required by INA § 101(a)(43)(Q), 8 U.S.C. § 1101(a)(43)(Q).  The IJ explained to Adeniye that the statutory maximum for his § 1704 offense was ten

years, which made it "punishable by a term of five or more years" within the meaning of INA § 101(a)(43)(Q), 8 U.S.C. § 1101(a)(43)(Q).

Adeniye disputed the IJ's interpretation of the term "punishable by" and also stated that he wanted to apply for relief under former INA § 212(c), 8 U.S.C. § 1182(c) (1996). Former § 212(c) provided a waiver of inadmissibility if an aggravated felon had served five or less years in prison, but was repealed on April 1, 1997. See Alanis-Bustamante v. Reno, 201 F.3d 1303, 1305-07 & n.6 (11th Cir. 2000).[2] Ultimately, the IJ requested the government to brief its position regarding Adeniye's removability and eligibility for a § 212(c) waiver, gave Adeniye an application for a § 212(c) waiver, and continued the hearing. Subsequently, Adeniye filed an application for § 212(c) relief.

At the final removal hearing on September 1, 2015, the IJ found that Adeniye was not eligible for a § 212(c) waiver. The IJ explained that the operative conviction was the one that was the basis for removal, and in Adeniye's case that was the 2014 conviction for failure to surrender, which occurred after § 212(c)'s repeal. Further, Adeniye's 2014 conviction was an aggravated felony because the

---

[2]In 1996, Congress made significant changes to the INA through both the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, Title IV, 110 Stat. 1214 (1996), and the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546 (1996). Among other things, Congress repealed § 212(c) and (h), which provided discretionary relief from deportation in the form of waivers. See generally Cunningham v. U.S. Att'y Gen., 335 F.3d 1262, 1264-66 (11th Cir. 2003).

underlying offense for which he failed to surrender to serve his sentence was "punishable by" up to ten years in prison.

In an oral decision, the IJ found that: (1) Adeniye was removable by clear and convincing evidence under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), because Adeniye was convicted of an aggravated felony as defined in INA § 101(a)(43)(Q), 8 U.S.C. § 1101(a)(43)(Q); and (2) Adeniye was not eligible to apply for relief under former INA § 212(c), 8 U.S.C. § 1182(c) (1996), because his aggravated felony conviction occurred after April 1, 1997, the date § 212(c) was repealed.  Thus, the IJ ordered Adeniye removed from the United States to Nigeria.

## C.    BIA Appeal Challenging Only Removability

Represented by counsel, Adeniye appealed to the BIA.  In his brief, Adeniye challenged the IJ's finding of removability, arguing that his 2014 failure-to-surrender conviction was not an "aggravated felony" under INA § 101(a)(43)(Q), 8 U.S.C. § 1101(a)(43)(Q), because his sentence for his underlying 1995 mailbox keys offense was for only 24 months.  Adeniye did not challenge the IJ's determination that he was ineligible for § 212(c) relief due to his 2014 conviction and in fact stated that he had conceded his ineligibility before the IJ.

On March 17, 2016 the BIA issued a published decision dismissing Adeniye's appeal.  On May 2, 2016, the BIA issued an amended published

5

decision reaching the same result.  Matter of Adeniye, 26 I. & N. Dec. 726 (BIA 2016).  The BIA concluded that Adeniye's argument—that the term of imprisonment for which the underlying offense was "punishable" should be determined by the 24-month sentence he was actually ordered to serve, not the 10-year statutory maximum—ran counter to the "plain meaning of the term 'punishable,' which refers to any punishment capable of being imposed."  Id. at 727-28 (internal quotation marks omitted).  The BIA also noted that Adeniye's argument was inconsistent with the courts' construction of the term "punishable" in other contexts to denote "a focus on the maximum penalty that may be imposed for the offense of conviction, rather than on the penalty that was (or could have been) imposed upon any particular defendant," including the Supreme Court's interpretation of "any felony punishable" in 18 U.S.C. § 924(c)(2) in Moncrieffe v. Holder, 569 U.S. ___, 133 S. Ct. 1678 (2013).  Id. at 728-29.

The BIA concluded that there was not sufficient reason to stray from the ordinary meaning of "punishable by."  Id. at 730.  Because the maximum penalty for violating 18 U.S.C. § 1704 was ten years, Adeniye's underlying offense was "punishable by imprisonment for a term of 5 years or more," as set forth in INA § 101(a)(43)(Q).  Id.  As a result, the BIA agreed with the IJ that Adeniye's failure-to-surrender conviction was an aggravated felony that rendered him removable.  Id. The BIA noted that "[n]o other issues are presented on appeal."  Id.

6

**C.    First Motion to Reconsider/Reopen Based on § 212(h) Waiver**

Adeniye, now pro se, filed a motion to reconsider and to reopen his removal proceedings so that he could apply for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h) (1996).  Section 212(h) provides for a discretionary waiver of inadmissibility for certain criminal aliens based on the hardship to their U.S. citizen family members.  See Poveda v. U.S. Att'y Gen., 692 F.3d 1168, 1173 (11th Cir. 2012).  Adeniye argued (for the first time) that he was eligible for a § 212(h) waiver and that the IJ had violated his due process rights by failing to advise him of the possibility of § 212(h) relief.

On May 2, 2016, the BIA denied Adeniye's motion to reconsider and to reopen, concluding that he was not "apparently eligible" for a § 212(h) waiver, see 8 C.F.R. § 1240.11(a)(2), because, as a deportable alien in removal proceedings, Adeniye could not apply for § 212(h) relief "on a stand-alone" basis.  See Poveda, 692 F.3d at 1177 ("After 1996, a lawful permanent resident may obtain the waiver only if he is an applicant for admission or has assimilated to the position of an applicant for admission by applying for an adjustment of status.").  Therefore, the IJ was not obligated to permit Adeniye to apply for such relief.

**D.    Second Motion to Reopen Based on Second § 212(c) Application**

Adeniye, still proceeding pro se, filed another motion to reopen his removal proceedings, this time so that Adeniye could file a second application for a

§ 212(c) waiver.  Adeniye argued that he was eligible for relief under former § 212(c) because the government initiated his deportation proceedings prior to § 212(c)'s repeal.  Adeniye pointed to the government's show cause order seeking to rescind his LPR status, and argued that his deportation proceedings commenced on March 13, 1996, when he was served the show cause order.

Adeniye attached the following relevant documents to his motion to reopen: (1) the 1996 order to show cause as to why Adeniye should not be deported; (2) the government's motion to terminate rescission proceedings from 1998, and the IJ's order terminating the proceedings; (3) a 2013 letter from the director of Freedom of Information Act ("FOIA") Operations to Adeniye's former counsel, stating that a FOIA request was received and was in processing; (4) a 2013 letter from a FOIA officer to Adeniye's former counsel, releasing documents under the FOIA request; and (5) a 2016 letter from Adeniye's counsel for his BIA appeal, informing Adeniye that counsel was attempting to obtain copies of Adeniye's alien file.  The show cause order indicated that it was sent by certified mail to Adeniye in March 1996.  The certificate of service from the government's motion to terminate rescission proceedings indicated that it was served on counsel or Adeniye on July 22, 1998.

On July 12, 2016, the BIA denied Adeniye's second motion to reopen.  The BIA determined that (1) the FOIA-request evidence that Adeniye presented was

served on him before the BIA's earlier decisions in his case, (2) Adeniye could have previously presented his current arguments to the IJ or the BIA, and (3) in his appeal to the BIA, Adeniye had failed to challenge the IJ's conclusion that he was ineligible for relief under § 212(c) because his aggravated felony conviction occurred after April 1, 1997.

## II.  DISCUSSION

### A.    Appellate Jurisdiction

In his counseled brief to this Court, Adeniye argues that: (1) the BIA erred when it dismissed his appeal of the IJ's final removal order because Adeniye's underlying 1995 offense was not "punishable by" a prison term of five or more years; and (2) in any event, Adeniye is eligible for relief under former INA § 212(c) or (h), 8 U.S.C. § 1182(c) or (h) (1996), because his 1995 conviction for possession of stolen mailbox keys occurred, and his removal proceedings were initiated, prior to April 1, 1997.

The problem for Adeniye is that the only petition for review presently before this Court is the one seeking review of the BIA's denial of his second motion to reopen.  Adeniye did file two other separate petitions for review: (1) a petition for review of the BIA's order dismissing his appeal from the IJ's final removal order; and (2) a petition for review of the BIA's order denying his first motion to reconsider and to reopen.  But when Adinye failed to pay the filing fees for those

9

earlier petitions, this Court dismissed them for want of prosecution. See Fed. R. App. P. 15(e) ("When filing any separate or joint petition for review in a court of appeals, the petitioner must pay the circuit clerk all required fees.").

Thus, the only petition for review pending before this Court is this one relating to (and timely filed as to) the BIA's denial of his second motion to reopen. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (requiring a petition for review to be filed within 30 days of the final removal order); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (concluding the statutory period for filing a petition for review is mandatory and jurisdictional). The BIA denied Adeniye's second motion to reopen on procedural grounds and did not reach the merits of either his removability or his eligibility for relief under § 212(c) or (h). Thus, we lack jurisdiction to address the merits arguments in Adeniye's brief pertaining to the BIA's earlier orders. Cf. Stone v. INS, 514 U.S. 386, 405-06, 115 S. Ct. 1537, 1549 (1995) (explaining that a separate petition for review must be filed for each final order, and the failure to file a timely petition for review of a final order deprives the appellate courts of jurisdiction to review that final order); Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1261 (11th Cir. 2003).[3]

---

[3]Although in his reply brief Adeniye asks this Court to reinstate his petitions for review in Nos. 16-11654 and 16-12879, he has not filed a separate motion seeking reinstatement as required by Federal Rule of Appellate Procedure 27. Nor has Adeniye paid (or offered to pay) the filing fees required for those dismissed petitions for review. Accordingly, Adeniye's request is denied.

## B.    BIA's Denial of Adeniye's Second Motion to Reopen

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B). The BIA may grant a motion to reopen if the petitioner presents new, material evidence that was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3); Verano-Velasco v. U.S. Att'y Gen., 456 F.3d 1372, 1376-77 (11th Cir. 2006).[4]

Here, the BIA denied Adeniye's second motion to reopen because: (1) Adeniye's "new evidence" was available and could have been presented at an earlier stage in his immigration proceedings; and (2) in his counseled appeal to the BIA, Adeniye failed to challenge the IJ's ruling that he was ineligible for a former § 212(c) waiver. Adeniye's brief to this Court does not challenge these procedural reasons for denying his motion. Thus he has abandoned review of the BIA's order denying his second motion to reopen. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that issues not raised on appeal, or raised only in passing reference, are deemed abandoned).

Even if review were not abandoned, the BIA did not abuse its discretion in denying the second motion to reopen because its reasons are supported by the

---

[4]We review the denial of a motion to reopen for an abuse of discretion. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).

11

record.  As the BIA noted, the IJ addressed Adeniye's eligibility for a § 212(c) waiver by finding him ineligible because his aggravated felony conviction occurred after April 1, 1997.  Adeniye has never disputed that his felony conviction for failure to surrender to serve sentence occurred in 2014.  The BIA also noted that Adeniye had an opportunity to raise his current argument—that he was eligible for § 212(c) relief because deportation proceedings were initiated against him on March 13, 1996—before the IJ and in his earlier appeal to the BIA, but he failed to do so and even conceded to the IJ that he was ineligible for that form of relief.

The BIA did not err in determining that Adeniye could have raised his argument about the March 13, 1996 commencement of deportation proceedings before the IJ or the BIA at an earlier stage in the proceedings.  Adeniye informed the IJ at his first master calendar hearing in the instant case that he had been in previous immigration proceedings that were terminated in 1998.  Thus, he could have argued as early as that first master calendar hearing in 2015 that he was eligible for a § 212(c) waiver because his earlier immigration proceedings were initiated prior to April 1, 1997.

Finally, the BIA did not err in determining that the evidence Adeniye attached to his second motion to reopen, which related to his terminated rescission proceedings, was available to him prior to any of the BIA's orders in this case.

12

The 1996 show cause order, the 1998 government motion to terminate rescission proceedings, and the IJ's order terminating the rescission proceedings were all served on or sent to Adeniye or his counsel before the IJ entered his oral decision in September 2015.  Thus, the BIA did not abuse its discretion by determining that the documents were previously available and could have been presented to the IJ.

**PETITION DENIED.**