15-3285-ag
Perez Henriquez v. Sessions

# In the

# United States Court of Appeals

## for the Second Circuit

AUGUST TERM 2017

No. 15-3285-ag

MANUEL DE JESUS PEREZ HENRIQUEZ,
*Petitioner*,

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent*.

ARGUED: APRIL 17, 2018
DECIDED: MAY 8, 2018

Before: CABRANES AND LOHIER, *Circuit Judges*, Berman, *District Judge*.\*

---

\* Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Petitioner Manuel De Jesus Perez Henriquez ("petitioner" or "Perez") seeks review of an October 7, 2015, decision of the BIA affirming an April 20, 2015, decision of an Immigration Judge ("IJ") ordering his removal. *In re Manuel De Jesus Perez Henriquez*, No. A036 542 739 (B.I.A. Oct. 7, 2015), *aff'g* No. A036 542 739 (Immig. Ct. N.Y. City Apr. 20, 2015).

Perez was found removable based on his conviction for possession of a controlled substance in the fifth degree in violation of New York Penal Law ("N.Y.P.L.") § 220.06. He was found ineligible for cancellation of removal based on his conviction for bail jumping, in violation of N.Y.P.L. § 215.57, which the BIA concluded was an aggravated felony.

Perez challenges both of these determinations on appeal, arguing that his conviction for possession of a controlled substance in the fifth degree did not render him removable, and that his conviction for bail jumping did not constitute an aggravated felony rendering him ineligible for cancellation of removal. Although we have not previously opined on the bail jumping issue, we reject both arguments.

Accordingly, the petition for review is **DENIED.**

MICHAEL RAYFIELD, Mayer Brown LLP,
New York, N.Y., *for Petitioner.*

ROBERT MICHAEL STALZER (Julie M. Iversen, *on the brief*) for Chad A. Readler, Acting Assistant Attorney General, Washington, D.C., *for Respondent.*

---

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner Manuel De Jesus Perez Henriquez ("petitioner" or "Perez") seeks review of an October 7, 2015, decision of the BIA affirming an April 20, 2015, decision of an Immigration Judge ("IJ") ordering his removal. *In re Manuel De Jesus Perez Henriquez*, No. A036 542 739 (B.I.A. Oct. 7, 2015), *aff'g* No. A036 542 739 (Immig. Ct. N.Y. City Apr. 20, 2015).

Perez was found removable based on his conviction for possession of a controlled substance in the fifth degree in violation of New York Penal Law ("N.Y.P.L.") § 220.06. He was found ineligible for cancellation of removal based on his conviction for bail jumping, in violation of N.Y.P.L. § 215.57, which the BIA concluded was an aggravated felony.

Perez challenges both of these determinations on appeal, arguing that his conviction for possession of a controlled substance in the fifth degree did not render him removable, and that his conviction for bail jumping did not constitute an aggravated felony rendering him ineligible for cancellation of removal. Although we have not previously opined on the bail jumping issue, we reject both arguments.

3

Accordingly, the petition for review is **DENIED.**

**DISCUSSION**

**I.**

Perez first contends that the BIA erred in finding that his conviction for possession of a controlled substance in the fifth degree, in violation of N.Y.P.L. § 220.06, was a controlled substance offense that rendered him removable. Because petitioner raises a question of law, we have jurisdiction to consider this issue. *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164 (2d Cir. 2006).

Perez was convicted under a statute that is not categorically a controlled substance offense, because the New York State controlled substance schedule sweeps more broadly than the federal controlled substance schedule. *See Harbin v. Sessions*, 860 F.3d 58, 63 (2d Cir. 2017) (explaining that New York's controlled substance schedule is broader than the federal schedule). However, N.Y.P.L. § 220.06 is a divisible statute, because each distinct subsection of the statute contains separate elements that must be proven beyond a reasonable doubt in order to sustain a conviction under that subsection. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (explaining that a statute is divisible when it lists elements in the alternative, thereby defining multiple crimes). The different subsections of § 220.06 are thus not interchangeable, as petitioner suggests. Because the statute is divisible, the agency properly consulted *Shepard* documents in order

4

to ascertain the elements of petitioner's underlying conviction. *See Shepard v. United States*, 544 U.S. 13 (2005).

Petitioner further contends that even if N.Y.P.L. § 220.06 is divisible, the government did not prove that he was convicted of possessing a substance that is contained within the federal controlled substance schedule. To establish that Perez's fifth-degree possession of a controlled substance conviction involved a federally-controlled substance, the government submitted three *Shepard* documents to the IJ: (1) a superior court information, a (2) waiver of indictment, and (3) a certificate of disposition. Appeal Record ("A.R.") 541-43. The government offered these documents to prove that petitioner pleaded guilty to violating subsection (5) of N.Y.P.L § 220.06, which criminalizes the possession of cocaine that weighs 500 milligrams or more. N.Y.P.L. § 220.06(5).

The information makes clear that Perez was charged with violating N.Y.P.L § 220.06 subsection (5), and it also specifically mentions cocaine. A.R. 542. Perez's waiver of indictment, however, states only that he was charged with criminal possession of a controlled substance in the fifth degree, without specifying the subsection. A.R. 543. And the final certificate of disposition states only that Perez pleaded guilty to the crime of "criminal possession of a controlled substance 5th degree PL 220.06." A.R. 541.

The government contends that the information, petitioner's waiver of indictment, and the record of conviction together establish

that petitioner pleaded guilty to subsection (5). Although the government could have provided a more complete record of conviction—a sentencing transcript, or a plea colloquy, for example—we rely in part on the fact that petitioner does not argue in his briefing that he could have pleaded guilty to a different subsection of § 220.06 than that listed on the information. *See* Pet. Br. P. 37, n.8 ("The BIA also rejected Perez's argument "that, under New York Criminal Procedure Law . . . § 220.20(1)(i), a defendant could plead to a different subsection of NYPL § 220.06 than that identified in the information and that such a plea would constitute a plea to a 'lesser included offense.'" BA4. We do not make this argument on appeal."). Petitioner thus appears to concede that he could not have pleaded guilty to a different subsection than that charged in the information, while simultaneously arguing that the government has not offered sufficient proof that he pleaded guilty to that subsection. We are not persuaded. We thus hold that the BIA did not err in finding that petitioner pleaded guilty to possessing cocaine.

Cocaine is a controlled substance under federal law. 8 U.S.C. § 1227(a)(2)(B)(i); N.Y.P.L. § 220.06(5) (2001); 21 U.S.C. § 812, at Schedule II(a)(4) (2001) (listing cocaine). The BIA thus correctly determined that Perez was removable as charged because he had been convicted of a controlled substance offense.

## II.

We write principally to address petitioner's second argument, which is that even if his controlled substance offense rendered him removable, the BIA erred in holding that his prior New York State bail jumping ("failure to appear") conviction was an aggravated felony that rendered him ineligible for cancellation of removal. Whether Perez's bail jumping conviction is an aggravated felony rendering him ineligible for cancellation of removal raises another reviewable question of law. 8 U.S.C. § 1252(a)(2)(D). We evaluate this question under the principles of deference set forth in *Chevron USA Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

### a.

We first reject petitioner's argument that 8 U.S.C. § 1101(a)(43)(T) does not set forth the elements of the generic federal crime for failure to appear, because the agency's interpretation, which is contrary to petitioner's interpretation, is entitled to deference. *Florez v. Holder*, 779 F.3d 207, 209-10 (2d Cir. 2015); *In re Garza-Olivares*, 26 I. & N. Dec. 736, 739 (B.I.A. 2016). Petitioner's related "mens rea" argument—based on the alleged inapplicability of § 1101—is also without merit.

**b.**

To determine whether a conviction for failure to appear is an aggravated felony, we must consider whether the statute of conviction satisfies the elements listed in § 1101(a)(43)(T), which requires (1) a "failure to appear" (2) "before a court" (3) "pursuant to a court order" (4) "to answer to or dispose of a charge of a felony" (5) "for which a sentence of 2 years' imprisonment or more may be imposed." 8 U.S.C. § 1101(a)(43)(T); *see also Garza-Olivares*, 26 I. & N. at 739. Perez's conviction, under N.Y.P.L. § 215.57, satisfies the first four elements of § 1101(a)(43)(T) on its face.

The fifth element is also satisfied. Considering the statutory scheme as a whole, we conclude that subsection (T)'s sentence requirement relates to the failure to appear and not, as the government suggests, to the sentence imposed on a petitioner's underlying felony. *Compare* 8 U.S.C. § 1101(a)(43)(Q) (specifying that the "*underlying offense* [must be] punishable for a term of 5 years or more" (emphasis added)) *with* 8 U.S.C. § 1101(a)(43)(T) (lacking "underlying offense" language); *see In re Barnet*, 737 F.3d 238, 247 (2d Cir. 2013) ("Statutory enactments should . . . be read so as to give effect, if possible, to every clause and word of a statute." (citations and internal quotations omitted)).

We next consider whether § 1101(a)(43)(T)'s phrase "may be imposed" refers to a sentence for which the maximum penalty is more than two years or for which the minimum sentence must exceed two

years.  *See* 8 U.S.C. § 1101(a)(43)(T).  Considering the meaning of other aggravated felony provisions under 8 U.S.C. § 1101(a)(43), we join two other Circuits and the BIA in concluding that "may be imposed" refers to the maximum penalty authorized.  *See Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1089 (9th Cir. 2008); *United States v. Graham*, 169 F.3d 787, 791 (3d Cir. 1999); *In re Garza-Olivares*, 26 I. & N. Dec. at 739; *see also In re Adeniye*, 26 I. & N. Dec. 726, 727-30 (B.I.A. 2016). Accordingly, New York's bail jumping statute fulfills the sentence requirement of § 1101(a)(43)(T) because the maximum sentence for first-degree bail jumping is seven years, N.Y.P.L. § 70.00(2)(d); *see also* N.Y.P.L. 215.57 (categorizing bail jumping in the first degree as a class D felony).

Perez's bail jumping conviction is thus an aggravated felony and the BIA did not err in finding that he was ineligible for cancellation of removal.

## CONCLUSION

We have reviewed all of the arguments raised by petitioner on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED.**