**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1718**

GUSTAVO ADEMAR ALDUNATE MORALES,

Petitioner,

v.

JEFFERSON B. SESSIONS III,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued:  May 10, 2018                                    Decided:  June 8, 2018

Before DUNCAN and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition for review denied by unpublished per curiam opinion.

**ARGUED:** Alfred Lincoln Robertson, Jr., ROBERTSON LAW OFFICE, PLLC, Alexandria, Virginia, for Petitioner.  Anna Juarez, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:** Chad A. Readler, Acting Assistant Attorney General, Melissa Neiman-Kelting, Assistant Director, Melissa K. Lott, Civil Division, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Gustavo Ademar Aldunate Morales, a native and citizen of Bolivia and a Lawful Permanent Resident of the United States, pleaded guilty under Virginia law to misdemeanor driving while intoxicated (DWI) and felony failure to appear. After he completed his incarceration and probation, the Department of Homeland Security ("DHS") determined he was removable under the Immigration and Nationality Act ("INA") for previously failing to appear for his trial in Virginia. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(T). Aldunate argued he was not removable under the INA for his Virginia crime. The immigration judge ("IJ") agreed with DHS, Aldunate appealed to the Board of Immigration Appeals ("BIA"), and the BIA dismissed the appeal. Because we conclude the BIA did not err, we deny the petition for review.

I.

In 2004, Aldunate was indicted in Virginia for driving while intoxicated and causing serious bodily injury to another person (DWI-maiming). On March 18, he signed an Appearance at Trial form, acknowledging that he would face a felony charge if he did not appear for his trial on May 4, 2004. The form contained the seal of the Arlington County, Virginia Circuit Court Clerk, but no judge's signature. Aldunate was released on bond. When he failed to appear for his trial, a judge in the Arlington County Circuit Court issued a capias order for his arrest and an order requiring his surety to show cause why his bond should not be revoked. Aldunate was then indicted for failing to appear under Virginia Code § 19.2-128(B), and he later pleaded guilty to misdemeanor DWI and

2

felony failure to appear. He was sentenced to incarceration and probation, and his supervision ended in 2006.

An alien who commits an aggravated felony is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). Under the INA, committing a state failure to appear crime constitutes an aggravated felony if it is "an offense relating to a failure to appear before a court pursuant to a court order to answer to or dispose of a charge of a felony for which a sentence of 2 years' imprisonment or more may be imposed." § 1101(a)(43)(T) ("INA definition"); *see also Matter of Garza-Olivares*, 26 I. & N. Dec. 736, 739 (B.I.A. 2016) (dividing the INA definition into five elements: "(1) failure to appear; (2) before a court, (3) pursuant to a court order, (4) to answer to or dispose of a charge of a felony, and (5) where the felony was one for which a sentence of 2 years' imprisonment or more may be imposed"). Under Virginia law, a person is guilty of failing to appear if he is "charged with a felony offense . . . [and] willfully fails to appear before any court as required." Va. Code § 19.2-128(B).

In 2016, DHS served Aldunate with a Notice to Appear, charging him with removability for committing an aggravated felony under the INA by failing to appear for trial in Virginia in 2004. Aldunate filed a motion to terminate the removal proceedings. Before the IJ he admitted the above-recited facts, but denied removability. He argued the categorical approach applied and that his failure to appear in Virginia was not an aggravated felony under the INA because the Virginia failure to appear statute does not require the existence of a court order for conviction. *Compare* 8 U.S.C. § 1101(a)(43)(T) (involving a "failure to appear before a court pursuant to a court order" ("court order"

element)), *with* Va. Code § 19.2-128(B) (involving a "fail[ure] to appear before any court as required").

DHS responded that, under *Matter of Garza-Olivares*, the categorical approach applies to the first two elements of the INA definition, but the circumstance-specific approach applies to the remaining three elements. *See* 26 I. & N. Dec. at 739–40. DHS further contended that the Appearance at Trial form and Aldunate's bond conditions satisfied the INA's "court order" element.

Agreeing with DHS, the IJ employed both the categorical and circumstance-specific approaches and held that Aldunate's failure to appear in Virginia satisfied all five elements of the INA definition. With regard to the "court order" element, the IJ aggregated the Appearance at Trial form, the indictment, and the judge's capias and show cause orders, found them sufficient to meet the statutory requirements, and rejected Aldunate's argument that a judge must sign each order as "too strict an interpretation." A.R. 71. The IJ denied Aldunate's motion to terminate and ordered his removal.

Aldunate appealed to the BIA. Like the IJ, the BIA treated the Appearance at Trial form as a court order and held that court records, including that form and Aldunate's indictment for failing to appear, satisfied the remaining elements of an INA aggravated felony offense. After the BIA's dismissal, DHS removed Aldunate to Bolivia. He timely appealed, and we have jurisdiction under 8 U.S.C. § 1252.[1]

---

[1] Despite Aldunate's removal, we retain jurisdiction over his petition because he filed it while detained, he remains "unmistakably affected by the legal implications" of our decision, and a beneficial outcome could potentially "unravel his untoward immigration status." *Smith v.*
(Continued)

## II.

Because the BIA issued its own opinion affirming, but not adopting, the IJ's decision, we review the BIA's decision. 8 U.S.C. § 1252(a)(1); 28 U.S.C. § 2344; *Martinez v. Holder*, 740 F.3d 902, 908 & n.1 (4th Cir. 2014). We review the BIA's legal determinations de novo but give it deference in interpreting the INA. *Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012).

## III.

DHS has the burden to prove that each element of the INA aggravated felony definition is satisfied. *See* 8 U.S.C. § 1229a(c)(3)(A). Aldunate argues DHS failed to carry this burden on the "court order" element.[2] We disagree.

---

*Ashcroft*, 295 F.3d 425, 428 (4th Cir. 2002); *see also Leitao v. Reno*, 311 F.3d 453, 456 (1st Cir. 2002) (noting a bar on readmission to the United States is a "damaging consequence" of removal "sufficient to avoid mootness despite deportation").

[2] Aldunate also contended in his briefs that the BIA should not have applied the circumstance-specific approach to the latter three elements of the INA definition because the categorical approach should apply to all five elements. However, it was not apparent during oral argument that he maintains this challenge. Several times his counsel answered the Court's questions only in light of the circumstance-specific approach, Oral Argument at 7:30–7:34; 11:58–12:07; 13:38–13:50; 23:13–23:43, and he never asserted at oral argument that the categorical approach applies to the entire INA aggravated felony definition. Consequently, Aldunate may have waived this argument.

Even assuming there was no waiver, the BIA did not err because the BIA clearly answered this question in *Garza-Olivares*, 26 I. & N. Dec. at 739–40, and we defer to its interpretation of the INA. *Turkson*, 667 F.3d at 527. Considering § 1101(a)(43)(T) in *Garza-Olivares*, the BIA applied the categorical approach to the "failure to appear" and "before a court" elements of the statute because "they refer to common elements of a generic 'failure to appear' crime" and can be satisfied "by reference to the statutory elements of a criminal offense." 26 I. & N. Dec. at 739. By contrast, the three remaining elements "are limiting components that refer to specific 'aggravating' offense characteristics. [T]hey involve the defiance of a court order (as (Continued)

5

Aldunate maintains that his failure to appear "as required" in Virginia was not in contravention of a "court order" because no judge signed a document compelling his appearance at trial. The Appearance at Trial form contained no judicial signature, and the judge-signed orders in the record, he argues, cannot be "court orders" for purposes of the INA definition because they were issued after Aldunate failed to appear. At oral argument, he conceded that his success on this theory turns on the sufficiency of the evidence in the record. Oral Argument at 25:13–25:21; 25:55–26:18. Aldunate does not dispute that the Court can aggregate the documents in the record to demonstrate the existence of a court order requiring his appearance at trial; he simply argues that the documents in this record are insufficient.

DHS relied on four state criminal documents to show that Aldunate was compelled by a "court order" to appear for trial. First, having been informed of his trial date, Aldunate was released on bond. Though Aldunate's bond order is not in the record, the state court was required to issue one with the condition that Aldunate return for his trial. *See* Va. Code § 19.2-135 (describing contents of recognizance order); § 19.2-137 (same); § 19.2-124 (allowing appeal from bail, bond, or recognizance order). Second, when Aldunate did not appear for his trial, a judge entered a signed order for a writ of capias to

---

opposed to a police summons) regarding a felony charge that is serious enough to be punishable by at least 2 years of imprisonment (rather than a misdemeanor)." *Id.* at 739–40. The BIA thus applied the circumstance-specific approach to these three elements to comply with Congress's intent to characterize as aggravated felonies only the most "serious" failures to appear. *Id.* at 740. Because the BIA applied the categorical and circumstance-specific approaches consistently with *Garza-Olivares*, we will not disturb its decision on this issue. *See Amos v. Lynch*, 790 F.3d 512, 518 (4th Cir. 2015) ("In prior cases, we have applied the principles of *Chevron* to the BIA's precedential interpretation of generic federal crimes listed in the aggravated felony statute.").

be issued because Aldunate's absence flouted judicial authority. A.R. 85. Third, a grand jury issued an indictment for Aldunate's failure to appear. A.R. 89. Fourth, Aldunate entered into a plea agreement for failing to appear. A.R. 92–95. Given this ample circumstantial evidence that Aldunate was mandated by *court authority* to appear at his trial and failed to do so, DHS has carried its burden on the "court order" element. We therefore hold that neither the IJ nor the BIA erred in concluding that these documents together fulfill the "court order" element.

IV.

For the reasons stated above, the BIA did not err in concluding that Aldunate was removable for having committed an aggravated felony under the INA. His petition for review is therefore

*DENIED.*

7